IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL CURRY, : | |
|                 Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-3910 |
| GERALD ROSUM, : | |
|                 Respondent. : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                                              **April 29, 2015**

Petitioner Kendall Curry, proceeding *pro se*, objects to the Report and Recommendation ("R&R") of Magistrate Judge Linda K. Caracappa, which recommended that the Court dismiss without prejudice the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and deny Petitioner's motion to stay this case pending exhaustion of a second round of state collateral review.

**I.       FACTUAL AND PROCEDURAL HISTORY**

On January 23, 2004, following a non-jury trial in the Philadelphia Court of Common Pleas, Petitioner was convicted of criminal conspiracy to commit robbery and sentenced to a term of ten to twenty years of imprisonment. Petitioner then filed and properly exhausted a direct appeal of his conviction. On August 10, 2009, Petitioner filed a timely PCRA petition (the "first PCRA petition") in the Philadelphia Court of Common Pleas and counsel was subsequently appointed to represent Petitioner. The Philadelphia Court of Common Pleas denied the first PCRA petition and Petitioner timely appealed to the Superior Court.

While the first PCRA petition was pending before the Superior Court, Petitioner alleges that he obtained new evidence: a police report recording the statements that an eyewitness to the robbery, one Ms. Mills, initially made to the police. Petitioner contends that Ms. Mills's

statements in the police report contradict her trial testimony; specifically, Petitioner alleges that Ms. Mills stated that only person committed the robbery in the police report, whereas at trial Ms. Mills allegedly testified that a conspiracy of two people committed the robbery. When Petitioner's counsel declined to raise the police report before the Superior Court, Petitioner filed a pro se motion to remand, which the Superior Court did not consider because Petitioner was represented by counsel. On November 27, 2012, the Superior Court affirmed the dismissal of the first PCRA petition and Petitioner sought allocator in the Pennsylvania Supreme Court, which was denied on April 30, 2013.

On May 20, 2013, Petitioner, proceeding *pro se*, filed a second PCRA petition raising due process and ineffective assistance of counsel claims based upon the police report. On July 1, 2013, Petitioner, again proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court raising seven claims (the "Federal Petition"), including a due process claim and several ineffective assistance of counsel claims. All of the claims in the Federal Petition rely, at least in part, on the allegedly newly discovered police report. On the same day, recognizing that at least some of his claims were unexhausted, Petitioner filed a Motion Requesting Stay, which requested that this case be stayed pending exhaustion of the second PCRA petition.

This Court referred the Federal Petition to the Honorable Linda K. Caracappa for a Report & Recommendation and Judge Caracappa filed an R&R recommending that the Motion Requesting Stay be denied and that the Federal Petition be dismissed without prejudice, to which Petitioner has filed objections. According to the docket in the Philadelphia Court of Common Pleas, Petitioner's second PCRA petition remains pending.[1]

---

[1] *Commonwealth v. Curry*, no. CP-51-CR-1200961-2002 (Phila. Ct. Common Pleas).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a habeas petition is referred to a magistrate judge for a Report and Recommendation, any party may file and serve objections to the R&R. The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made."[2] The district court may, in its discretion, choose to review de novo any uncontested portions of the R&R as well.[3]

## III. DISCUSSION

When a habeas petition contains claims that are unexhausted, but may not be procedurally defaulted, as is the case here, the federal courts have discretion to stay a federal habeas petition when three requirements are met: "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics."[4] Good cause may exist when exhaustion of state law remedies would render a federal petition time-barred under 28 U.S.C. § 2244.[5] Under § 2244(d)(1), a petitioner has one year to file a federal habeas petition and the time is tolled during any period that a "properly filed" petition for collateral review is pending in state court. If a state court dismisses a petition for collateral review as time-barred, however, then the period in which that petition was pending is not tolled, because the untimely petition was not properly filed.[6]

Upon independent consideration of this record, the Court finds that good cause exists to stay the Federal Petition. Although the Commonwealth contends that that the second PCRA

---

[2] 28 U.S.C. § 636(b)(1).

[3] *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

[4] *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

[5] *See id*.

[6] *See Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003).

3

petition "is likely to be deemed time-barred" because it was filed nearly four years after Petitioner's conviction became final at the conclusion of direct appeal,[7] Pennsylvania law allows an otherwise untimely petition to be heard if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of reasonable diligence."[8] Thus, the Pennsylvania courts retain discretion to hear the second PCRA petition and should determine the timeliness of the second PCRA petition in the first instance. If the Pennsylvania courts determine that that the second PCRA petition is time-barred, however, the second PCRA petition would not toll the § 2244(d) time-bar. The risk that the Federal Petition would be time-barred is elevated in this case, where the second PCRA petition has been pending in state court for almost two years. Petitioner's claim of newly discovered evidence and the promptness with which it appears that Petitioner has pursued his rights at every stage of these complex proceedings also weigh in favor of granting a stay until the Pennsylvania courts rule on the second PCRA petition.

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion to stay this case pending exhaustion of the second PCRA petition will be granted. Because this case will be stayed, the Court declines to adopt the R&R in order to allow Petitioner's claims to be adjudicated following a final disposition of the second PCRA petition in state court. Although the Court has carefully considered Petitioner's objections, the objections are moot because the Court declines to adopt the R&R on other grounds.

An appropriate order follows.

---

[7] Resp. Br. at 6.

[8] 42 Pa. C.S.A. § 9545(b)(ii).